CHRISTOPHER ASHWORTH (SBN 54889)
SILICON VALLEY LAW GROUP
A Law Corporation
25 Metro Drive, Suite 600
San Jose, CA 95110
Telephone:  (408) 573-5700
Facsimile:  (408) 573-5701

Attorneys for Plaintiff,

E-FILING

ADR

Filed
JAN 2 4 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Fee Paid

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEBORAH A. ZACK, an individual,

    Plaintiff,

v.

GARY P. MCKAE, an individual; CYNTHIA MCKAE, an individual; and Does through ; inclusive,

    Defendants.

Case No. C 08 00545 JCS

COMPLAINT FOR BREACH OF CONTRACT, FRAUD AND OTHER DECLARATORY RELIEF

Plaintiff Deborah A. Zack ("Zack") complains of defendants Gary P. McKae ("Gary") and Cynthia McKae ("Cindy") as follows.

### JURISDICTIONAL ALLEGATIONS

1. Zack is an individual and a resident and citizen of the State of Arizona.

2. Defendants Gary and Cindy are individuals, were at all times material husband and wife, and are residents and citizens of the State of California. Gary and Cindy reside within this District. Gary and Cindy own, as community property, a residence located at 505 Moore Road, Woodside, California (the "Residence").

3. The conduct underlying the claims for relief advanced herein occurred within this District. the amount in controversy exceeds $150,000.

4. Because there is complete diversity of citizenship among the parties, jurisdiction abides in this court pursuant to 28 U.S.C. § 1332. Because the conduct complained of herein

occurred within this District, venue is proper here pursuant to 28 U.S.C. § 1339.

## ALLEGATIONS COMMON TO ALL CLAIMS

5. Zack realleges the matters set forth in ¶¶ 1 through 4.

6. On November 30, 2004, Gary (sometimes referred to therein as "Borrower") executed a promissory note in favor of Zack in the amount of $150,000. A true copy of the promissory note ("Note") is attached as Exhibit "A".

7. The Note recites in part that it is payable upon the earliest of the following events:
- The future refinancing of the Residence at any time after December 31, 2004;
- The sale of the Residence[1]; or
- The release of a certain bond ("Bond") on the Residence issued by Washington Mutual, Inc. ("WAMU").

8. Gary and Cindy refinanced the Residence on:
- January 21, 2005 (only 52 days after executing the Note); and again on
- May 2, 2005; and again on
- January 10, 2006; and again on
- January 25, 2007.

Gary and Cindy did not inform Zack of any of the refinancing episodes and, in addition, lied to Zack with regard to their putative refinancing efforts.

9. WAMU released the bond[2] on the residence on or about January 25, 2007.

10. Zack has since demanded the repayment of the Note.

11. Gary and Cindy have failed and refused to repay the Note, save for one $10,000 payment to be credited against interest, leaving the balance and other accrued interest undiminished.

---

[1] As of the drafting of this complaint, the Residence has not been sold.

[2] There never was any "bond" on the property. WAMU was a secured mortgage lender with respect to the Residence who (a) was the beneficiary of a deed of trust and (b) finally reconveyed in connection with the January 25, 2007 refinancing in the amount of $4,078,000.

12. Both Gary and Cindy represented to Zack that the Note would be paid under the circumstances outlined in ¶ 7, i.e. that the Note would be paid when and if (a) the residence were refinanced; or (b) WAMU released its "Bond".

13. When the representations ("Representations") set out in paragraph 12 were made by Gary and Cindy, they were untrue and known by Gary and Cindy to be untrue. At all times material, Gary was and is a real estate broker licensed as such by the State of California. The conduct of Gary complained of herein comprises "fraud or dishonest dealing" within the meaning of California Bus. & Prof. Code § 10177 (f) and (j).

14. Gary and Cindy made the Representations with the intent that Zack believe them to be true and act upon them, i.e., by advancing the $150,000.

15. Gary and Cindy knew that Zack believed the Representations to be true.

16. Zack had no rational basis to disbelieve the Representations, and in fact, reasonably believed them to be true[3].

## FIRST CLAIM FOR RELIEF

### (Breach of Contract against Gary and Cindy)

17. Zack realleges the matters set forth in ¶¶ 1 through 16 of this complaint.

18. As noted above, Gary and Cindy have failed to pay the Note when due.

19. Zack has been damaged in an amount to be proved at trial (not less than $150,000) plus costs of suit and contractual attorneys fees.

## SECOND CLAIM FOR RELIEF

### (Fraud against Gary and Cindy)

20. Zack realleges the matters set forth in ¶¶ 1 through 19 of this complaint.

21. Arising from the fraudulent conduct of Gary and Cindy, Zack has been damaged in an amount to be proved at trial (not less than $150,000) plus costs of suit and contractual attorneys fees.

---

[3] Gary and Cindy are, respectively, the brother-in-law and sister of Zack.

22. The conduct of Gary and Cindy constitutes fraud, malice and oppression and merits an award of exemplary damages in an amount to be proved at trial.

WHEREFOR ZACK PRAYS:

1. For actual damages in the amount of $150,000;

2. For interest on the Note from November 30, 2004 until paid;

3. For costs of suit;

4. For attorneys fees contemplated by the Note;

5. For exemplary damages in an amount to be proved at trial; and

6. For such further relief as it warranted by the facts and the law.

DATED: January 24, 2008

SILICON VALLEY LAW GROUP
A Law Corporation

By: _____
CHRISTOPHER ASHWORTH
Attorneys for Plaintiff

10222265

COMPLAINT FOR BREACH OF CONTRACT, FRAUD AND
OTHER DECLARATORY RELIEF
4

## PROMISSORY NOTE

$150,000.00

Woodside, California

November 30, 2004

On November 30, 2004, for value received, the undersigned (the "Borrower") promises to pay Deborah P. Zack (the "Holder"), at Scottsdale Arizona, or any other place designated in a writing submitted by Holder to Borrower, the principal sum of $150,000.00, with interest on the unpaid principal balance from November 30, 2004, until paid, at the rate of _____ percent per annum, all payable on the date specified in this Note for the payment of the principal sum.

The principal sum shall be due, together with interest thereon under the terms of this Note upon the earliest to occur of: (1) the future refinancing of the encumbrances on Borrower's residence, commonly known as 505 Moore Road, Woodside, California (the "Borrower's Residence"), provided such refinancing occurs after December 31, 2004; (2) the sale of the Borrower's Residence; or (3) the release of the bond on the Borrower's Residence issued by Washington Mutual, provided such release occurs after December 31, 2004.

Principal and interest under this Note shall be paid in lawful money of the United States.

Whether or not suit is filed, Borrower agrees to pay all reasonable attorneys' fees, costs of collection, costs, and expenses incurred by Holder in connection with the enforcement or collection of this Note. Borrower further agrees to pay all costs of suit and the sum adjudged as attorneys' fees in any action to enforce payment of this Note or any part of it.

Dated: November 30, 2004

_/s/ Gary P. McKae_
Gary P. McKae

Exhibit A