UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



DEBORAH A. ZACK,

    Plaintiff(s),

v.

GARY P. MCKAE, ET AL.,

    Defendant(s).

No. C 08-00545 JCS

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

    IT IS HEREBY ORDERED that this action is assigned to the Honorable Joseph C. Spero. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order, the Notice of Assignment of Case to a United States Magistrate Judge for Trial, and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

    IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court ADR Internet site at www.adr.cand.uscourts.gov. A limited number of printed copies are available from the Clerk's Office for parties in cases not subject to the court's Electronic Case Filing program (ECF).

## CASE SCHEDULE -ADR MULTI-OPTION PROGRAM

| Date | Event | Governing Rule |
|---|---|---|
| 1/24/2008 | Complaint filed | |
| 4/11/2008 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | FRCivP 26(f) & ADR L.R.3-5 |
| | • file Joint ADR Certification with Stipulation to ADR Process or Notice of Need for ADR Phone Conference | Civil L.R. 16-8 |
| 4/25/2008 | *Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per attached Standing Order re Contents of Joint Case Management Statement (also available at http://www.cand.uscourts.gov) | FRCivP 26(a) (1)<br>Civil L.R. 16-9 |
| 5/2/2008 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) in Ctrm A, 15th Floor, SF at 1:30 PM | Civil L.R. 16-10 |

\* If the Initial Case Management Conference is continued, the other deadlines are continued accordingly.

1
2
3
4      UNITED STATES DISTRICT COURT
5      NORTHERN DISTRICT OF CALIFORNIA
6
7                                              No.
8           Plaintiff(s),
                                               **CASE MANAGEMENT
9      v.                                      CONFERENCE ORDER**
10                                             [ALL CASES]
11          Defendant(s).
12     _____/
13
14         IT IS HEREBY ORDERED that, pursuant to Fed. R. Civ. P. 16 and Civil L.R. 16-10, a Case
15  Management Conference will be held in this case before the Honorable Joseph C. Spero on
16  _____, at 1:30 p.m., in Courtroom A, 15th Floor, U.S. District Court, 450
17  Golden Gate Avenue, San Francisco, California.
18         1.    Plaintiff(s) shall serve copies of this Order and the Court's Standing Orders at once on all
19  parties to this action, and on any parties subsequently joined, in accordance with the provisions of
20  Fed. R. Civ. P. 4 and 5.  Following service, plaintiff(s) shall file a certificate of service with the Clerk of this
21  Court.
22         2.    Counsel are directed to confer in advance of the Case Management Conference with
23  respect to the subjects detailed in Fed. R. Civ. P. 16(c), 26(f), and all of the agenda items listed below.
24  Not less than seven (7) days before the conference, counsel shall file a Joint Case Management Conference
25  Statement in compliance with Local Rule 16-9.  In addition, the Joint Case Management Conference
26  Statement shall address each agenda item listed below.  Failure to file a Joint Case Management
27  Conference Statement, without good cause, may subject a party to sanctions.
28

United States District Court
For the Northern District of California

3. Each party shall be represented at the Case Management Conference by counsel (or a party if *in pro se*) prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order.

4. Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten (10) days before the conference date. Good cause must be shown.

5. The parties should be prepared to address and resolve at the Case Management Conference the matters set forth in Fed. R. Civ. P. 16(b) and (c).

6. Other agenda matters which the Court will address at the Case Management Conference include the following:

   a) The basis for this Court's subject matter jurisdiction and whether any issue exists regarding personal jurisdiction or venue;

   b) The factual and legal bases for plaintiff's claims, defendant's defenses, defendant's counterclaims and the defenses to those counterclaims;

   c) Any related proceedings, including any administrative proceedings, and any related cases pending before other judges of this court or before any other court;

   d) Whether all parties consent to the jurisdiction of a Magistrate Judge for all purposes, including trial and entry of judgment;

   e) A brief summary of the proceedings to date, including whether or not there has been full compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and, in patent cases, the schedule for compliance with Patent Local Rules 3-1 through 4-6;

   f) A description of all pending motions and their current status;

   g) A description of all motions expected before trial;

   h) The extent to which new parties will be added or existing parties deleted, deadlines for adding and deleting parties, and deadlines for amendment of pleadings;

   i) The extent to which evidentiary, claim construction, or class certification hearings are anticipated;

        j)       The scope of discovery to date and, separately, the scope of anticipated discovery, including limits that should be imposed on discovery and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f);

        k)       The extent to which any special discovery or other problems or issues have arisen or are expected;

        l)       Proposed deadlines and court dates, including trial date;

        m)       The expected length of trial, approximate number of witnesses, experts, exhibits, and whether a jury is demanded;

        n)       What damages and other relief are sought and what method is used to compute such damages;

        o)       ADR efforts to date and a specific ADR plan for the case;

        p)       The extent to which a special master should be involved in the case;

        q)       A service list for all counsel that includes telephone and fax numbers; and

        r)       Such other matters as any party considers conducive to the just, speedy and inexpensive determination of this action.

7.     As soon as a party has notice of this order, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document destruction programs and any ongoing erasures of emails, voicemails, and other electronically recorded material to the extent necessary to preserve information relevant to the issues presented by the action.

8.     Motions for summary judgment shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence.  The parties shall file a joint statement of undisputed facts where possible.  If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree.  Any party may then file a separate statement of the additional facts that the parties contends are undisputed.  A party who, without substantial justification, contends that a fact is in dispute is subject to sanctions.

9.   The remainder of this order will apply to all discovery in this action. For good cause, the parties are invited to propose any modifications in their joint case management statement. Unless and until modified, however, the following provisions shall supplement the requirements of the Federal Rules of Civil Procedure and the local rules.

10.  Counsel shall contact Judge Spero jointly by telephone before filing any discovery motions. If the Court determines that a formal discovery motion should be filed, counsel are directed to follow the procedures outlined in the Civil Local Rules and in this Order, unless otherwise specified at the time of the telephonic conference.

11.  Discovery motions may be addressed to the Court in three ways. A motion may be noticed on not less than 35 days notice pursuant to Civil L.R. 7-2. Alternatively, any party may seek an order shortening time under Civil L.R. 6-3 if the circumstances justify that relief. In emergencies during discovery events (such as depositions), the Court is available pursuant to Civil L.R. 37-1(b). In the event a discovery dispute arises, counsel for the party seeking discovery shall in good faith confer **in person** with counsel for the party failing to make the discovery in an effort to resolve the dispute without court action, as required by Fed. R. Civ. P. 37 and Civil L.R. 37-1(a). The meeting must be **in person**, except where good cause is shown why a telephone meeting is adequate. A declaration setting forth these meet and confer efforts, and the final positions of each party, shall be included in the moving papers. The Court will not consider discovery motions unless the moving party has complied with Fed. R. Civ. P. 37 and Civil L.R. 37-1(a).

12.  In responding to requests for documents and materials under Fed. R. Civ. P. 34, all parties shall affirmatively state in a written response served on all other parties the full extent to which they will produce materials and shall, promptly after the production, confirm in writing that they have produced *all* such materials so described that are locatable after a diligent search of *all* locations at which such materials might plausibly exist. It shall not be sufficient to object and/or to state that "responsive" materials will be or have been produced.

13.  In searching for responsive materials in connection with Fed. R.Civ. P. 34 requests or for materials required to be disclosed under Fed. R. Civ. P. 26(a)(1), parties must search computerized files,

emails, voicemails, work files, desk files, calendars and diaries, and any other locations and sources if materials of the type to be produced might plausibly be expected to be found there.

14. To the maximum extent feasible, all party files and records should be retained and produced in their original form and sequence, including file folders, and the originals should remain available for inspection by any counsel on reasonable notice.

15. Except for good cause, no item will be received in evidence if the proponent failed to produce it in the face of a reasonable and proper discovery request covering the item, regardless of whether a motion to overrule any objection thereto was made. Privilege logs shall be promptly provided and must be sufficiently detailed and informative to justify the privilege. *See* Fed. R. Civ. P. 26(b)(5). No generalized claims of privilege or work product protection shall be permitted. With respect to each communication for which a claim of privilege or work product is made, the asserting party must at the time of its assertion identify: (a) all persons making and receiving the privileged or protected communication, (b) the steps taken to ensure the confidentiality of the communication, including affirmation that no unauthorized persons have received the communication, (c) the date of the communication, and (d) the subject matter of the communication. Failure to furnish this information at the time of the assertion will be deemed a waiver of the privilege or protection.

16. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented proposed deponents to schedule depositions at mutually convenient times and places. Where an agreement cannot be reached as to any party deponent or a deponent represented by counsel of record, the following procedure may be invoked by the party seeking any such deposition. The party seeking such a deposition may notice it at least thirty (30) days in advance. If the noticed date and place is unacceptable to the deponent or the deponent's counsel, then within ten (10) days or receipt of the notice, the deponent or counsel for the deponent must reply and counter-propose in writing an alternative date and place falling within thirty (30) days of the date noticed by the party seekin/g the deposition.

17. Counsel and parties shall comply with Fed. R. Civ. P. 30(d)(1). Deposition objections must be as to privilege or form only. Speaking objections are prohibited. When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the

statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged. Private conferences between deponents and attorneys in the course of interrogation, including a line of related questions, are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

18. Failure to comply with this Order or the Local Rules of this Court may result in sanctions. *See* Fed. R. Civ. P. 16(f), Civil L.R. 1-4.

IT IS SO ORDERED.

Dated: January 30, 2001

_____
JOSEPH C. SPERO
United States Magistrate Judge

**STANDING ORDER**

1. Civil Law and Motion is heard on Fridays, at 9:30 a.m. Criminal Law and Motion is heard on Fridays, at 10:30 a.m. Counsel need not reserve a hearing date in advance for civil motions. However, noticed dates may be reset as the Court's calendar requires.

2. Case Management and Pretrial Conferences are heard on Fridays, at 1:30 p.m. Case Management Conferences will no longer be recorded, unless requested by the parties.

3. In cases that are randomly assigned to Judge Spero for all purposes, a Consent to Proceed before a U.S. Magistrate Judge and a Declination to Proceed Before a Magistrate Judge And Request For Reassignment to a United States District Judge Forms will be mailed to all parties. The parties are requested, within two weeks from receipt of the form, to complete and file the form indicating their consent or request for reassignment to a District Judge.

4. Parties with questions regarding scheduling of settlement conferences should contact Judge Spero's secretary, Mary Ann Macudzinski-Gomez, at (415) 522-3691. All other scheduling questions should be addressed to Judge Spero's courtroom deputy, Karen Hom, at (415) 522-2035.

5. In lieu of filing formal discovery motions, lead trial counsel for Plaintiff(s) and lead trial counsel for Defendant(s) shall meet and confer **in person** regarding the subject matter of the Motion(s) in an effort to resolve these matters. After attempting other means to confer on the issue (i.e. letter, phone call, e-mail) any party may demand such a meeting on ten (10) business days' notice. The location of the meeting will alternate with the first location selected by counsel for Plaintiff, the second by counsel for Defendant, etc. Within five (5) business days of the lead trial counsels' meet-and-confer session, the parties shall provide a detailed Joint Letter to the Court. This Joint Letter shall include a description of every issue in dispute and,

1   with respect to each such issue, a detailed summary of each party's final substantive position
2   and their final proposed compromise on each issue. Upon receipt of the Joint Letter the Court
3   will determine what future proceedings are necessary.

5         6.      In all "e-filing" cases, when filing papers in connection with any motion for
6   determination by a judge, the parties shall, in addition to filing papers electronically, lodge with
7   chambers a printed copy of the papers by the close of the next court day following the day the
8   papers are filed electronically. **These printed copies shall be marked "Chambers Copy" and**
9   **shall be submitted directly to Magistrate Judge Spero's chambers in an envelope clearly**
10  **marked with the judge's name, case number and "E-Filing Chambers Copy." Parties**
11  **shall not file a paper copy of any document with the Clerk's Office that has already been**
12  **filed electronically.**

14        7.      Any proposed stipulation or proposed order in a case subject to electronic filing
15  shall be sent by email to **jcspo@cand.uscourts.gov.** This address is to be used only for
16  proposed orders unless otherwise directed by the Court.
17        IT IS SO ORDERED.

19  Dated: May 29, 2007

                                      JOSEPH C. SPERO
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALL MAGISTRATE JUDGES'
UNIFORM STANDING ORDER FOR MOTION PRACTICE

All of the Magistrate Judges of this District Court jointly issue this Standing Order, which supplements the Local Rules. Each Magistrate Judge publishes a separate Notice about mechanics for calendaring hearings and related matters.

1. Every paper filed in a matter to be heard by a magistrate judge must include the initials of the assigned magistrate judge in the caption. Each time such a paper is filed, it must be accompanied by two conformed copies, one of which must be clearly marked as chambers copy for the assigned magistrate judge.

2. Three procedures are available for addressing disclosure/discovery disputes:

    (a) Formal motions pursuant to Civil L.R. 7-2;

    (b) Expedited motions pursuant to Civil L.R. 7-10; the assigned magistrate judge determines whether a hearing will be held on such motions and, if so, whether counsel are to appear in person or by telephone; and

    (c) Immediate intervention by telephone: if a dispute arises during a discovery event, and if good faith negotiations fail to resolve the matter, counsel may contact the assigned magistrate judge's chambers to ask if the judge is available for a telephone conference while the discovery event is underway.

3. Motions for sanctions must be filed separately in conformity with Civil L.R. 37-1(e) and will not be heard on an expedited basis.

Dated: April 12, 1999

JOSEPH C. SPERO
United States Magistrate Judge

Standing.ord

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    NORTHERN DISTRICT OF CALIFORNIA
10
11                              ,                      No. C
12              Plaintiff(s),                          **DECLINATION TO PROCEED BEFORE**
                                                       **A MAGISTRATE JUDGE**
         v.                                            **AND**
13                                                     **REQUEST FOR REASSIGNMENT TO A**
                                ,                      **UNITED STATES DISTRICT JUDGE**
14
              Defendant(s).
15                                          /
16
         REQUEST FOR REASSIGNMENT TO A UNITED STATES DISTRICT JUDGE
17
         The undersigned party hereby declines to consent to the assignment of this case to a United
18
   States Magistrate Judge for trial and disposition and hereby requests the reassignment of this case to
19
   a United States District Judge.
20
21
   Dated: _____            Signature_____
22
                                             Counsel for _____
23                                           (Plaintiff, Defendant, or indicate "pro se")
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

NOTICE OF ASSIGNMENT OF CASE

TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL

Pursuant to General Order 44, the Assignment Plan of the United States District Court for the Northern District of California, this case has been randomly assigned to Magistrate Judge _____.

Pursuant to Title 28 U.S.C. § 636(c), with written consent of all parties, a magistrate judge may conduct all proceedings in the case. Attached is a form to complete if you consent to proceed before the assigned magistrate judge and a form to complete if you decline to proceed before the assigned magistrate judge. Electronic versions of both forms are also available at the Court's Internet site: http://www.cand.uscourts.gov. Click on Forms-Civil. A party is free to withhold consent without adverse consequences. If a party declines to consent, the case will be randomly reassigned to a district judge and a case management conference will be scheduled on the district judge's calendar as close as possible to the date presently scheduled before the magistrate judge.

You must file your consent or declination by the deadline for filing the initial case management statement.

The plaintiff or removing party shall serve a copy of this notice and all attachments upon all other parties to this action pursuant to Federal Rules of Civil Procedure 4 and 5.

FOR THE COURT
RICHARD W. WIEKING, CLERK

By: Deputy Clerk

MagAssnNtc-2-03.wpd

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORDER OF THE CHIEF JUDGE

IN RE: ELECTRONIC FILING IN CASES WITH UNREPRESENTED PARTIES

When the Electronic Case Filing (ECF/e-filing) program was established for civil cases in January 2003 (see generally General Order 45), the court's practice was to exclude from the e-filing program cases in which any party was not represented by an attorney. Pursuant to Part III of General Order 45, the court's ECF webpage provided: "All cases involving pro se parties are excluded from the e-filing program and must be filed entirely in paper, unless otherwise ordered by the court."

Effective immediately, cases with unrepresented party litigants in which at least one party is represented by an attorney will no longer be excluded from the e-filing program. All *represented* parties will e-file their submissions to the court on the same basis as in cases not involving pro se litigants and in compliance with all parts of General Order 45. *Represented* parties will be required to serve paper copies by mail on *unrepresented* parties only. As before, unrepresented litigants will continue to file and serve all submissions to the court in paper form unless prior leave is obtained from the assigned judge in a particular case.

IT IS SO ORDERED.

Date: May 11, 2007

Vaughn R Walker
United States District Chief Judge